**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **GREGORY A. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION 15-0506-WS-N** |
| | ) |
| **PROVIDENCE HOSPITAL,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss.  (Doc. 8).  In response, the plaintiff filed a "motion for non-dismissal" and a "motion to review newly received evidence."  (Docs. 16, 17).  The defendant elected not to file a reply brief, (Doc. 11), and the motion is ripe for resolution.

The complaint alleges that the plaintiff's employment was terminated based on age and retaliation.  (Doc. 1).  The defendant makes three arguments in support of its motion, which Court considers in turn.

**I. Exhaustion.**

"A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed.  ... [I]t is merely an unfortunate event in history which has no present legal consequences."  *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).  "Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit."  *Wilson v. Bailey*, 934 F.2d 301, 304 n.1 (11th Cir. 1991).  What is true under Title VII is equally true under the ADEA.  *E.g., Sheffield v. United Parcel Service, Inc.*, 403 Fed. Appx. 452, 454 (11th Cir. 2010).

The plaintiff's charge of discrimination asserted the plaintiff's belief that he was "discharged in retaliation for filing [a previous] EEOC complaint." (Doc. 8-1 at 2).[1] The charge checked the boxes for "retaliation" and "disability" and asserted that the plaintiff was "discriminated and retaliated against in violation of Title I of the Americans with Disabilities Act amendments Act of 2008." (*Id*.). The defendant argues this language proves the plaintiff did not exhaust his administrative remedies regarding "his age discrimination and retaliation claims under the ADEA." (Doc. 8 at 7).

As a threshold matter, the defendant appears to assume that the plaintiff's complaint specifies that the retaliation against him violated the ADEA (or only the ADEA), but the Court finds the form complaint ambiguous in this regard. It asks for the statutory basis of a discrimination claim (as to which claim the plaintiff checked "age"), but it does not ask for the statutory basis of a retaliation claim (indeed, it does not reference retaliation at all). The plaintiff handwrote "retaliation" on the form – not in the area addressing the ADEA but in a blank spot below a listing of prohibited bases of discrimination under Title VII. (Doc. 1 at 2).

At any rate, and for purposes of the exhaustion requirement, what matters is not simply which boxes the plaintiff checks on the charge or which buzz words he uses. Instead, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Department of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotes omitted). The defendant has failed to show that the EEOC's investigation of the plaintiff's charge of "retaliation for filing the

---

[1] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield, Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997). The Court assumes without deciding that, as the defendant contends, (Doc. 8 at 2 n.1), the plaintiff's EEOC charge can be considered under this rule without converting its motion to dismiss into one for summary judgment.

EEOC complaint" could not reasonably be expected to reach retaliation against opposition or participation protected by the ADEA.

As for discrimination, the complaint clearly shifts the alleged basis of the plaintiff's termination from disability to age.  The defendant asserts that "[t]he courts have made it clear that disability discrimination claims are different than, and do not amplify, clarify or more clearly focus, age discrimination claims." (Doc. 8 at 7 (internal quotes omitted)).  The defendant cites four cases for this proposition, but none of them actually involved a shift from disability discrimination to age discrimination (or vice versa).  The defendant's position is not implausible, but the Court declines to perform the legal research necessary to support it.

As a final note, the defendant has not accounted for the possibility that, in addition to the charge itself, the plaintiff may have submitted to the EEOC an intake questionnaire or other document containing additional information relevant to the scope of the EEOC investigation that could reasonably be expected.  *See Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 n.36 (11th Cir. 2000) (considering the plaintiff's intake questionnaire in assessing the scope of the EEOC investigation to be reasonably expected).

## II.  Collateral Estoppel.

The day after this action was filed, the Circuit Court of Mobile County issued a ruling in the plaintiff's appeal of the denial of unemployment compensation benefits.  Judge Wood therein found that the plaintiff was disqualified from receiving benefits because "[t]he preponderance of the evidence showed that the [plaintiff] voluntarily left his job without good cause connected with his work." (Doc. 8-2 at 2).[2]  The defendant argues that this ruling collaterally

---

[2] The Court may consider this document on motion to dismiss.  *E.g., Horne v. Potter*, 392 Fed. Apppx. 800, 802 (11th Cir. 2010) (a trial court may take judicial notice of certain facts without converting the motion into one for summary judgment; such facts

3

estops the plaintiff from attempting to show in this lawsuit that his employment was terminated involuntarily. (Doc. 8 at 9-13).

"The elements of collateral estoppel are: (1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties." *Dairyland Insurance Co. v. Jackson*, 566 So. 2d 723, 726 (Ala. 1990).[3]

In *Wal-Mart Stores, Inc. v. Smitherman*, 743 So. 2d 442 (Ala. 1999), the Alabama Supreme Court addressed collateral estoppel in the context of a lawsuit claiming the plaintiff was discharged for seeking workers' compensation benefits. The Court held that the lawsuit was barred by the administrative determination in the unemployment compensation proceedings that the plaintiff was discharged for misconduct. *Id.* at 443-44, 448.

The first element of collateral estoppel was satisfied because both cases involved the issue of the reason for the plaintiff's termination. In the first proceeding, termination for job-related misconduct results in a partial disqualification for benefits; in the second proceeding, termination in retaliation for seeking workers' compensation benefits is an element of the claim. 743 So. 2d

include documents in a prior case involving the plaintiff, as these are public records not subject to reasonable dispute).

[3] While federal law governs the collateral estoppel effect of a prior federal ruling, "[s]tate law governs whether or not a state court judgment bars a subsequent federal diversity action." *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984); *accord Hicks v. Quaker Oats Co.*, 662 F.2d 1981 (former 5th Cir. 1981) ("Were we concerned with the collateral estoppel effects of a prior state court determination, we would use the state's law of collateral estoppel …").

When the prior proceeding was an administrative proceeding, "the parties [must have] had an adequate opportunity to litigate the issues in the administrative proceeding." *Ex parte Smith*, 683 So. 2d 431, 433 (Ala. 1996) (internal quotes omitted). Because collateral estoppel in this case is asserted on the basis of a judicial ruling made *de novo*, Ala. Code § 7-4-95, the Court need not consider the adequacy of the administrative proceedings.

at 445-46.  The second element was satisfied because the issue was actually litigated in the first proceeding, with the referee finding that "'[t]he evidence indicates [Smitherman] was discharged for making a derogatory and profane remark about a superior' and that 'her actions constitute misconduct committed in connection with her work.'"  *Id*. at 447.  And the third element was satisfied because the plaintiff could be partially disqualified from receiving benefits only if the reason for his termination was misconduct.  *Id*.  The Alabama Supreme Court confronted a "virtually indistinguishable" set of facts in *Wal-Mart Stores, Inc. v. Hepp*, 882 So. 2d 329, 332 (Ala. 2003), engaged in the same analysis, and came to the same conclusion.  *Id*. at 333-35.[4]

The first three elements of collateral estoppel are plainly established here. Both the state action and this action involve the issue of whether the plaintiff was involuntarily terminated, and the state action actually resolved that issue. Resolution of whether the plaintiff was terminated was necessary to the state court decision denying unemployment compensation benefits, because an employee who leaves his job voluntarily and without good cause is disqualified from receiving such benefits.  (Doc. 8-2 at 2 (citing Ala. Code § 25-4-78(2)).[5]  Thus, a finding that the plaintiff voluntarily quit was a necessary predicate to the state court's denial of benefits.[6]

---

[4] *Smitherman* and *Rogers* were overruled in part on other grounds in *Ex parte Rogers*, 68 So. 3d 773 (Ala. 2010).  The *Rogers* Court rejected *Smitherman* and *Hepp* only to the extent those cases suggest that the employee, rather than the employer, bears the burden of proof regarding disqualification for unemployment compensation benefits based on misconduct.  *Id*. at 776-77, 781.  Their analysis of collateral estoppel remains intact.

[5] This is the holding of *Avery v. Beverly Health & Rehabilitation Services, Inc*., 902 So. 2d 704, 709-10 (Ala. Civ. App. 2004).

[6] The state court ruling that the plaintiff quit his job is irreconcilable with his present insistence that he was fired.  "The worker is collaterally estopped from making the assertion, in her retaliatory-discharge action, that she was 'terminated' from her employment because when DIR determined that the worker had voluntarily quit her

The defendant's argument, however, falters in its treatment of the fourth element of collateral estoppel.  In *Smitherman* and *Heck*, where the prior proceeding was the administrative phase of the unemployment compensation process, the parties were exactly the same in the two proceedings.  Here, the defendant is Providence Hospital, while in the plaintiff's judicial appeal of the adverse ruling in the administrative phase, the sole defendant was the "State Board of Appeals (Alabama Department of Labor)."  (Doc. 8-2 at 2).

"A number of decisions by this Court have indicated that the 'same parties' requirement is not strictly enforced if the party raising the defense of collateral estoppel, or the party against whom it is asserted, is in privity with a party to the prior action."  *Dairyland*, 566 So. 2d at 726.  "The test for determining if two parties are in privity focuses on identity of interest."  *Id*.  The defendant announces that its interests and those of the governmental defendant in the state action "were aligned," (Doc. 8 at 12), but without performing any legal analysis, or offering any legal authority, in support of its *ipse dixit*.  The Court's brief review suggests that Alabama law is far too complex for the satisfaction of this element of collateral estoppel to be demonstrated by raw conclusion.  As with exhaustion, the defendant's position may not be implausible, but it is unsupported, and the Court will not endeavor to supply the deficiency.

The Court also notes that the plaintiff has appealed Judge Wood's ruling. (Doc. 17 at 1, 24).  The defendant, however, has not addressed the effect of that development on collateral estoppel analysis.  For this reason as well, its motion for dismissal on this ground must be denied.

---

employment, it necessarily determined that she had *not* been 'terminated.'"  *Avery*, 902 So. 2d at 710.

### III.  Failure to State a Claim.

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2),[7] which rule provides that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …."  While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).  There must in addition be a pleading of facts.  Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level …."  *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "The plausibility standard … asks for more than a sheer possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (internal quotes omitted).  A complaint lacking "sufficient factual matter, accepted as true, to state a claim to

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

relief that is plausible on its face" will not "survive a motion to dismiss." *Id*.  But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

The complaint's factual rendition reads in its entirety as follows:  "I was terminated under the Older Workers Benefits Protection Act.  I was not given the right to have papers looked at when requested to have them looked at by an attorney before signature."  (Doc. 1 at 3).  The Court agrees with the defendant's assessment that "[t]his single statement offers no facts whatsoever in support of plaintiff's claims that he was discriminated against and/or retaliated against." (Doc. 8 at 8).  The complaint does not contain express or inferential allegations concerning every element of any claim for discrimination or retaliation, nor does it contain sufficient factual allegations to make it plausible that he is the victim of actionable discrimination or retaliation.[8]

Because the amended complaint fails to satisfy Rule 8(a)(2), it is subject to dismissal under Rule 12(b)(6) for failure to state a claim.  However, before an action is dismissed with prejudice for failure to state a claim, a pro se plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim.  *E.g., Lee v. Alachua County*, 461 Fed. Appx. 859, 860

---

[8] In his two motions, the plaintiff has made a number of factual assertions, some (though not all) of which appear to be related to the claims asserted in his complaint.  The adequacy of the complaint, however, must be measured by what the plaintiff has alleged in that document, not by what he has asserted in resisting the defendant's motion to dismiss.  *E.g., Frank v. Lake Worth Utilities*, 464 Fed. Appx. 802, 804 (11th Cir. 2012) (because, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face, … we must limit our analysis to the allegations contained in Frank's complaint") (internal quotes omitted).

(11th Cir. 2012); *Schmitt v. United States Office of Personnel Management*, 403 Fed. Appx. 460, 462 (11th Cir. 2010).[9]

> As the plaintiff has previously been warned:
>
> > All litigants, including those representing themselves, "shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by court order." Civil L.R. 83.5(a).  Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a [litigant's] pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[W]e … have required [pro se litigants] to conform to procedural rules.") (internal quotes omitted); *cf. United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("[I]gnorance is no hidden virtue; a pro se [criminal] defendant must follow the rules of procedure ….").  The plaintiff is cautioned to familiarize himself with, and to follow, the applicable rules.

(Doc. 11 at 1 n.1).  The plaintiff ignores this warning at his peril.

Moreover, "even in the case of pro se litigants … a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading to sustain an action …." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The plaintiff must adequately comply with pleading rules or face dismissal of this action without discovery or consideration of the merits.

For the reasons set forth above, the defendant's motion to dismiss is **granted**, and the plaintiff's motion for non-dismissal is **denied**.  The plaintiff's motion to review newly received evidence is **denied as moot**.[10]  The complaint is

---

[9] Because it appears the statute of limitations would bar the plaintiff from filing another lawsuit asserting the same claims should this action be dismissed without prejudice, the Court assumes that such a dismissal would effectively be with prejudice.

[10] Embedded in this motion is a "request that the federal and state governments investigate this complaint and if found to be with merit, that they proceed with federal and state criminal charges against the individuals involved in this unemployment compensation scam."  (Doc. 17 at 3).  It is not the office of a federal court in a civil case to direct law enforcement to conduct criminal investigations.  *Brennan v. Aulls*, 1987 WL 38439 at *1 (6th Cir. 1987); *Stewart v. Warden*, 2012 WL 141476 at *1 n.1 (D. Md.

**dismissed**, **without prejudice** to the plaintiff's ability to file and serve an amended complaint on or before **March 23, 2016**, failing which the dismissal of this action will become final without further order of Court.

DONE and ORDERED this 2nd day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

2012); *Fleming v. Lackawanna County*, 2010 WL 424626 at *1 (M.D. Pa. 2010).  The request, construed as a motion for such relief, is therefore **denied**.